IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BONNIE WALTON AND RICHARD R.
CLAYPOOLE, JR. AS CO-
ADMINISTRATORS OF THE ESTATE OF   11cv0759
RICHARD R. CLAYPOOLE, SR.,     **ELECTRONICALLY FILED**
DECEASED,

     Plaintiffs,

    v.

GIANT EAGLE, INC. AND CARACO
PHARMACEUTICAL LABORATORIES,
LTD.,

     Defendants.

### MEMORANDUM ORDER REGARDING PLAINTIFF'S MOTION TO REMAND (DOC. NO. 4)

## I. Introduction

Plaintiffs Bonnie Walton and Richard Claypoole, Jr., acting as co-administrators of the

estate of their deceased father, Richard Claypoole, Sr., filed the present civil action in the Court

of Common Pleas of Armstrong County, Pennsylvania, on May 6, 2011.  Doc. No. 1. Ex. A

(Complaint).  Defendant Caraco Pharmaceutical Laboratories, Ltd. ("Caraco") removed the case

to this Court on June 8, 2011, alleging that Plaintiffs had fraudulently sued Defendant Giant

Eagle, Inc. ("Giant Eagle") to destroy federal diversity jurisdiction.[1]  Doc No. 1.  Plaintiffs

---

[1] Plaintiffs Walton and Richard Claypoole, Jr. are residents of Pennsylvania.  Doc. No. 1.,
 Ex. B ¶ 1-2.  The legal representative of an estate of a decedent is deemed to be a citizen of the
same state as the decedent.  28 U.S.C. § 1332(c)(2).  Because decedent Richard Claypoole, Sr.
was a resident of Pennsylvania, *id*. ¶ 3, Plaintiffs Walton and Claypoole, Jr. are also deemed
citizens of Pennsylvania in their representative capacities.  Defendant Caraco is a Michigan
corporation with its principal place of business in Michigan.  *Id*. ¶ 7.  Defendant Giant Eagle is a
Pennsylvania corporation with its principal place of business in Pennsylvania.  *Id*. ¶ 6.

moved to remand the action to state court on June 17, 2011; they assert that Giant Eagle is a proper defendant. Doc No. 4.

For the reasons discussed below, Plaintiffs' Motion to Remand the Action to State Court (Doc. No. 4) will be granted.

## II. Factual Background

For a number of years before his death, Decedent Richard Claypoole, Sr. was prescribed Digoxin by his physicians; Digoxin is a generic prescription heart medication manufactured by Defendant Caraco. Doc. No. 1. Ex. B ¶¶ 10-11. Defendant filled his prescriptions for Digoxin at a store owned by Defendant Giant Eagle. *Id*. ¶ 13. Plaintiffs assert that although Claypoole's prescription called for 0.125 mg doses of Digoxin, Claypoole was continuously given doses of 0.250 mg improperly labeled as doses of 0.125 mg. *Id*. ¶¶ 12, 14. Claypoole died on February 22, 2009 due to cardiac arrest. *Id*. ¶¶ 3, 16. Plaintiffs note that "[a]pproximately 6 weeks after [Claypoole's] death, on March 31, 2009, Caraco issued a nationwide drug recall based on its knowledge that improper dosages were being given to patients such as [Claypoole]." *Id*. ¶ 17.

Plaintiffs assert that receiving excess doses of Digoxin "is known to cause heart failure and death," *id*. ¶ 15, and they claim that Caraco and Giant Eagle caused their father's death by providing him with improperly labeled doses of Digoxin.

## III. Standard of Review

Caraco asserts that Plaintiffs' "joinder" of Giant Eagle as a defendant was fraudulent. Doc. 1 ¶¶ 3, 21. If Caraco is correct, this Court does not have jurisdiction over the present action for lack of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (giving district courts jurisdiction over matters between "citizens of different States"); *Red Square Corp. v. Novik, Inc.*, No. 07-0498, 2007 WL 2234518, at *2 (W.D. Pa. Aug. 2, 2007) ("In order to sustain diversity

jurisdiction, all of the parties on one side of the controversy must be citizens of different states than all of the parties on the other side.") (citing *Midatlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir.1995)).

According to the United States Court of Appeals for the Third Circuit, joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2005). Thus, a case should be remanded if there is "even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) (quoting *Lunderstadt v. Colafella*, 885 F.2d 66, 70 (3d Cir. 1989)).

Generally, removal statutes "'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Brooks v. Harley-Davidson Motor Co.*, No. 08-04318, 2009 WL 2707558, at *2 n.3 (E.D. Pa. Aug. 24, 2009) (quoting *Batoff*, 977 F.2d at 851). Accordingly, a district court's examination of a motion to remand should be less exacting that its examination of a motion to dismiss. *See Crawford*, 2009 WL 2778851, at *3 (citing *Batoff*, 977 F.2d at 852).

## IV. Discussion

Plaintiffs' claims against Giant Eagle sound in both negligence and strict liability. Doc. 1. Ex. A, ¶¶ 19-32. For its part, Caraco asserts that "there is no reasonable basis in fact or colorable ground for supporting a claim against [Giant Eagle]" because all claims Plaintiffs assert against it "fail as a matter of law." Doc. 1. ¶¶ 22, 24.

It is settled Pennsylvania law that pharmacists cannot be held strictly liable as suppliers

of defective products. *Coyle ex. rel. Coyle v. Richardson-Merrell, Inc.*, 529 Pa. 208, 215-18

(1991). In the same case, the Pennsylvania Supreme Court held that pharmacists do not have a

general duty to warn customers of allegedly dangerous characteristics of prescription drugs

independent from that of the drug's manufacturer. *Id*. at 213-15. Yet there is authority under

Pennsylvania law for holding pharmacists liable under a negligence theory for dispensing

harmful products. *See Riff v. Morgan Pharmacy*, 508 A.2d 1247, 1251-52 (Pa. Super. Ct.

1986).[2] Thus, it is inappropriate to say that all of Plaintiffs' claims against Giant Eagle are

"wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852 (citation omitted). Rather, there is

"a possibility that [the] state court would find that the complaint states a cause of action" against

Giant Eagle under Pennsylvania law. *Id*. at 851.

The decision in *Batoff* supports this result, as the Court of Appeals for the Third Circuit

noted there that "[a] claim which can be dismissed only after an intricate analysis of state law is

not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity

jurisdiction." *Id*. at 853; *see also Crawford*, 2009 WL 2778851, at *3 (reciting cases where a

defendant's fraudulent joinder claim was denied). Like the Court of Appeals in *Batoff*, this

Court does not suggest that its "inquiry into Pennsylvania law has been penetrating, but it should

---

[2] Although Defendant Caraco argues that Plaintiffs' negligence claims fail as a matter of law based upon the dates of Plaintiff decedent's death and the announced recall of Digoxin, Plaintiffs allege not only that Defendant failed to timely recall the improperly labeled medication, but also that Giant Eagle: (1) failed to properly label medication that it sold and/or distributed, (2) sold/distributed improperly labeled medication; (3) sold .250mg Digoxin as 0.125mg Digoxin; and (4) labeled .250mg Digoxin as 0.125mg Digoxin. Doc. No. 1-2, Ex. A, at 4-5. Furthermore, Plaintiffs' seek damages due to pain and suffering, loss of enjoyment of life, and lost wages, as a result of damages occurred while Plaintiff decedent was living. Doc. No. 1-2, Ex. A, at 5.

not be, for if [it] made such an inquiry [it] would have decided this diversity case on the merits, even though the parties are not diverse." *Batoff*, 977 F.2d at 853.

Because Plaintiffs' claims against Giant Eagle are not "wholly insubstantial and frivolous," the Court finds that Giant Eagle was not fraudulently joined as a party in order to destroy federal diversity jurisdiction. Accordingly, this court lacks jurisdiction to hear the present matter under 28 U.S.C. § 1332.

## V. Conclusion/Order

For the reasons discussed above, Plaintiffs' Motion to Remand (Doc. No. 4) to State Court will be **GRANTED**.

AND NOW, this 30th day of June, 2011, for the reasons set forth in the foregoing Memorandum Opinion, it is HEREBY ORDERED as follows:

(1)     Defendants' Motion to Remand (Doc. No. 4) is **GRANTED**;

(2)     The Clerk shall remand the case to the Court of Common Pleas of Armstrong County, Pennsylvania at Docket Number: 2011-0276-CIVIL.

(3)     The Clerk of Courts shall mark this **CASE CLOSED**.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties